McGREGOR W. SCOTT
United States Attorney
JASON HITT
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>DERRICK WALKER,<br><br>                    Defendant. | CASE NO.  2:17-CR-0201 TLN<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY |

Plaintiff United States of America, by and through its counsel of record Assistant U.S. Attorney Jason Hitt, respectfully submits this opposition to the motion for discovery filed by defendant Derrick Walker ("defendant").  Docket No. 25.  In short, defendant's motion fails to demonstrate the required materiality under Rule 16(a)(1)(E) for each of the requested categories of discovery and *Franks* does not support requests for discovery.

## I.    BACKGROUND

On February 21, 2017, Alameda Superior Court Judge Cecilia Castellanos issued a search warrant to Oakland police in an investigation of various shootings and homicides in and around Oakland.  The search warrant authorized law enforcement to search a residence in Stockton at 1825 West Hazelton Avenue.  At the time of the search, the defendant was on parole for second degree robbery and subject to a condition that required him to subject his residence and any property under his control to search or seizure by any peace officer, with or without a search warrant, with or without

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY

1

cause.

On February 28, 2017, investigators executed the warrant at 1825 West Hazelton.  Before the search, the defendant exited the residence and was detained by a marked police unit.  During the search, officers discovered a loaded Glock firearm in the top dresser drawer of a bedroom in the house.  In the same dresser drawer, they found two specialized grips for the gun.  Officers also found a nylon shoulder holster for a firearm.  Officers noted that this room contained male clothing and shoes near the dresser where the firearm was located.  The defendant was the only male occupant of the house.  In the garage, officers found a shoebox containing multiple, high-capacity magazines for a rifle and numerous boxes of unspent ammunition.  Photographs of some items seized are reproduced below.



 

On November 2, 2017, a Sacramento grand jury returned a single-count indictment against the defendant for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Docket No. 1.

///

///

///

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY

## II.    ANALYSIS

### A.    Standard for Materiality for Criminal Discovery under Rule 16

Under Rule 16(a)(1)(E), a criminal defendant is entitled to discovery of materials "within the possession, custody, or control of the government," which are "material to preparing the [defendant's] defense." Fed. R. Crim. P. 16(a)(1)(E). Defendants are entitled to discover only those materials that are relevant to the defendants' response to the government's case-in-chief. *United States v. Armstrong*, 517 U.S. 456, 462 (1996) ("[W]e conclude that in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief."); *accord United States v. Chon*, 210 F.3d 990, 995 (9th Cir. 2000) (quoting *Armstrong*, 517 U.S. at 462).[1] To obtain discovery under Rule 16, a defendant must make a *prima facie* showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984); *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984)). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Mandel*, 914 F.2d at 1219 (citing *Little*, 753 F.2d at 1445; *Cadet*, 727 F.2d at 1466–68); *see United States v. Liquid Sugars, Inc.*, 158 F.R.D. 466, 471 (E.D. Cal. 1994) ("[R]equests which are designed to generally cast for impeachment material . . . are not material. Such requests are instead simply speculative inquiries without basis in fact to believe that the information acquired will be significantly helpful.").

### B.    Defendant's Motion Fails to Demonstrate Materiality for his Discovery Requests

In one part of his motion, defendant frames his discovery demands as material under *Franks v. Delaware*, 438 U.S. 154 (1978). Docket No. 25 at 7. However, his motion must necessarily rest on Rule 16 because the requests consist of inculpatory or non-material categories of information and *Franks* itself does not authorize a court to order production of discovery. Indeed, defendant's lists of discovery requests contain no categories of exculpatory discovery in defending against a prosecution for

---

[1]    At the time of *Armstrong* and *Chon*, that provision was numbered 16(a)(1)(C). Rule 16 was renumbered in 2002.

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY

3

being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[2]  Properly framed, defendant's motion to compel discovery fails to demonstrate materiality within the meaning of Rule 16 and *Franks* cannot provide a basis to find materiality.  "It is not enough to show that the discovery has 'some abstract logical relationship to the issues in the case.'"  *United States v. Dossman*, 2006 WL 2927484, *2 (E.D. Cal. 2006) (quoting *United States v. Ross*, 511 F.2d 757, 762–63 (5th Cir. 1975), *cert denied*, 423 U.S. 836 (1975)).  Moreover, "[n]either a general description of the information sought nor conclusory allegations of materiality suffice."  *Dossman*, 2006 WL 2927484, at *2 (quoting *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995)).

Like the defendant in *Dossman*, here, the defendant "must prove materiality before becoming entitled to the evidence under Rule 16; he cannot just guess at what the evidence might show and contend that it may be material if his guess is correct."  *Dossman*, 2006 WL 2927484, at *2.  Defendant's current requests are very similar to those rejected in *Dossman, Santiago*, and *Lam*, because they consist of "conclusory allegations that fail to establish that the information he seeks is material."  *Id.*

The Ninth Circuit's holding in *Santiago* is instructive because it demonstrates the lack of materiality in this defendant's discovery requests.  In *Santiago*, the defendant claimed that witness prison inmate files were material to the defense because he needed to know for impeachment purposes whether witnesses were linked to rival gangs.  *Santiago*, 46 F.3d at 895.  The court held that the defendant had failed to make a sufficient materiality showing as he had not "shown case-specific facts" to "demonstrate the materiality of the information."  *Id.*  The court found it significant that the defense had received discovery related to the government's witnesses but even still could not cite any fact that might link one of the witnesses to a rival gang. Thus, "the defense ha[d] only asserted 'conclusory allegations' without grounding in fact." *Id.* at 895.

The defendant cites no fact, either.  Instead, the defendant mysteriously claims that "the defense

---

[2]     Defendant's discovery requests might be able to demonstrate materiality if he were facing charges for murders or shooting in this District; but he is not.  As an example, category "E" of defendant's discovery demands are entirely focused on demanding exculpatory information in response to defending against non-existent homicide prosecutions: "A copy of any and all documentation of information learned by Oakland police officers during the investigation of the homicides of Alwyn Redd and Dymetrie Shaw that would tend to show that the homicides were perpetrated by any person other than Derrick Walker."  Docket No. 25 at 7.

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY

4

has reason to believe that at least some of the statements in the affidavit are incomplete or inaccurate." Docket No. 25 at 7.  In making discovery requests with no factual submission supported only vague, conclusory allegations, the defendant fails to make the required materiality showing and asks the Court to abuse its discretion.  *Mandel*, 914 F.2d at 1219; *see also Cadet*, 727 F.2d at 1466.  For these reasons, the defendant's motion should be denied.

C.    ***Franks* is a Not a Tool for Discovery and Fishing Expeditions for Impeachment Information are not Material under Rule 16**

Defendant's claim that the discovery is needed to determine whether to file a *Franks* motion is unsupported by any authority.  In fact, this same argument has been rejected in multiple published decisions and *Franks* itself warns against allowing discovery for this purpose.  In short, *Franks* is not a tool for discovery and cannot generate materiality under Rule 16.

In *Dossman*, defendant argued that the evidence he sought was "material to a *Franks* hearing." *Dossman*, 2006 WL 2927484, at *2.  But, like *Dossman*, "there is no *Franks* hearing scheduled because defendant has not yet made the requisite 'substantial preliminary showing.'"  *Id.*  In response to the defendant's speculative claim that discovery would be helpful to a future motion to suppress, the *Dossman* court rejected this as a basis for discovery.

> It is not enough to string together a speculative list of possibilities–such as, the officers may be lying about whether there was a search, the documents or tangible items might show that the officers are lying, there may have been a search and the search may not have found any cocaine base. This is not a showing of materiality. It is a wish list. It might be consistent with expansive civil discovery, but it is not permitted under the more restrictive criminal discovery standards.

*Id.*

The defendant's stated grounds for his motion is this: "To determine whether the affiant accurately reported the statements of various human sources, the defense needs the statements of those human sources" and "information about evidence collected in connection with the homicides to determine if the affiant accurately stated the evidence as it relates to Mr. Walker."  Docket No. 25 at 7. This is not a valid basis for requesting criminal discovery because materiality requires more than "a speculative list of possibilities" or "a wish list" and, as such, "is not permitted under the more restrictive criminal discovery standards."  *Dossman*, 2006 WL 2927484, at *2; *see United States v. Hunt*, No. 2:11-

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY

5

CR-441-KJM, 2013 WL 5279075, at *1 (E.D. Cal. Sept. 18, 2013) ("[T]he United States Supreme Court has held that materials sought for reasons unrelated to responding to the government's case in chief are not material to preparing the defense.").

In *United States v. Lam*, the district court rejected a discovery demand nearly identical to those advanced by the defendant.  In *Lam*, the defendant claimed the discovery was "helpful to the defense in the context of a motion to suppress."  *United States v. Lam*, 2008 WL 191420, at *3 (N.D. Cal. 2008).  The district court noted that the evidence sought was not material to a hearing under *Franks* because no *Franks* hearing had been scheduled and because the information was material only if the defendant was right about the circumstances of the search.  *Lam*, 2008 WL 191420 at *3.  In this case, as in *Lam*, defendant has not shown the materiality of the evidence because no motion to suppress has been filed and no *Franks* hearing is scheduled.  The required threshold showings for *Franks* are substantial and defendant is not likely to be able to meet this burden.  Those standards are discussed in the next section.

In order to challenge the veracity of a search warrant, a defense motion to suppress must first demonstrate that the affiant "acted deliberately or recklessly in incorporating any false information into the affidavit."  *United States v. Staves*, 383 F.3d 977, 983 (9th Cir. 2004).  "There must be a contention of deliberate falsehood or reckless disregard for the truth."  *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983).  "The allegations must be accompanied by a detailed offer of proof, preferably in the form of affidavits."  *Id.*

In this case, the defendant has not: (1) filed a motion to suppress the search warrant, (2) made specific allegations that indicate the portions of the warrant claimed to be false, (3) submitted detailed offers of proof that are supported by affidavits.  It is therefore pure speculation at this point that the defendant will make any showing that the affiant "acted deliberately or recklessly in incorporating any false information into the affidavit."  *Staves*, 383 F.3d at 983.  Assuming the defendant files a motion to suppress, the district court will then examine the specific allegations of alleged falsity to determine whether further proceedings will be held on the as-yet hypothetical defense motion to suppress.

In deciding the motion to suppress under a *Franks* theory, the district court must determine, "[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY

6

required." *United States v. Meling*, 47 F.3d 1546, 1554 (9th Cir. 1995) (quoting *Franks*, 438 U.S. at 171–72). The district court must therefore consider whether the affidavits supporting the finding of probable cause, "once corrected and supplemented, would provide a [reviewing judge] with a substantial basis for concluding that probable cause existed." *Meling*, 47 F.3d at 1554 (quoting *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985)). "In determining whether an affidavit is sufficient to establish probable cause, the reviewing judge looks to the totality of the circumstances: He must assess the credibility and basis of knowledge of any informants (though neither of these factors alone determines what weight should be given the informant's tips) and weigh any other information supporting a finding of probable cause." *Meling*, 47 F.3d at 1554-55.

Here, the defendant has not filed a motion or met his burden of making "a substantial preliminary showing that a false statement was deliberately or recklessly included" in the affidavit and "the false statement was material" to the Superior Court Judge's finding of probable cause. *Staves*, 383 F.3d at 983. The reason for this threshold requirement is explained in *Franks*: "The requirement of a substantial preliminary showing would suffice to prevent the misuse of a veracity hearing for purposes of discovery or obstruction." *Franks*, 438 U.S. at 170. Thus, *Franks* itself prohibits using a motion to suppress as a basis to demonstrate materiality for discovery purposes. Accordingly, defendant's motion should be denied.

**D.    *Soto-Zuniga* and *Hernandez-Meza* do not support defendant's discovery requests**

Defendant misreads Rule 16's materiality requirement to require production of any item that "'may assist' the defendant prepare a defense, including a defense based on the Fourth Amendment." Docket No. 25 at 5. For this sweeping proposition, defendant relies first on *United States v. Soto-Zuniga*, 837 F.3d 992 (9th Cir. 2016). That decision, however, is specific to the unique facts of a motion to suppress the constitutionality of a border checkpoint. As explained below, the quoted language from *Soto-Zuniga* is premised upon discovery into a statistical analysis of search and arrest statistics at the San Clemente border checkpoint. *Id.* at 998. The history of border checkpoint litigation detailed in *Soto-Zuniga* is easily distinguished from the issues in this case and bears no relationship to the theory of discovery advanced by the defendant in his motion.

///

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY

7

In *Soto-Zuniga*, the Court's analysis of defendant's discovery request was inextricably linked to a lengthy series of legal challenges going back many years because defendant's specific theory of suppression turned on "whether the checkpoint itself is constitutional." *Id.*  In this way, the *Soto-Zuniga* analysis is specific to the constitutionality of the San Clemente checkpoint because the Supreme Court had previously "identified immigration control [at the San Clemente checkpoint] as a valid purpose for stopping cars and posing questions without individualized suspicion." *Id.* at 999.  Within this narrow context, discovery into the whether the immigration checkpoints continued to be constitutionally operated by government agents was raised as a concern through an earlier dissent from Judge Kozinski in a case that upheld the constitutionality of San Clemente's checkpoint.  *Id.* (describing dissent as recommending remand "for a factual inquiry into 'whether the policies, programs, directives and incentives put in place by the government, or any customs and practices that have developed with the government's tacit approval, have turned . . . San Clemente into [a] general law enforcement checkpoint[ ].'").  *Id.*  Given the extensive history of litigation over the constitutionality of the San Clemente checkpoint, and Judge Kozinski's specific call for inquiry into the checkpoint, the *Soto-Zuniga* panel framed the question of San Clemente's continued constitutionality as whether "its 'primary purpose' is to control immigration . . . or rather is to interdict drug trafficking and other 'ordinary criminal wrongdoing.'" *Id.* at 1000.

Once *Soto-Zuniga* is placed in its proper context, defendant's reliance on it is misplaced.  From a fact-specific case addressing discovery into the constitutionality of the San Clemente checkpoint, defendant extracts a broad proposition that entirely erases Rule 16's materiality requirement and decades of precedent interpreting that requirement.  Caselaw makes clear that the defendant may only seek materials that are relevant to the defendants' response to the government's case-in-chief – *Soto-Zuniga* does not change that materiality requirement.  *Armstrong*, 517 U.S. at 462; *Chon*, 210 F.3d at 995.[3]

Defendant's second materiality theory comes from a citation to *United States v. Hernandez-Meza*, 720 F.3d 760 (9th Cir. 2013).  From an isolated quote, defendant announces another broad

---

[3]   Defendant's discovery requests also fail to address the exempt status of discovery under Rule 16(a)(2).  Moreover, for each request involving witness statements connected to the various shootings and homicides would likely be governed by Rule 26.2 if they were permitted to testify in this case involving being a felon in possession of a firearm.

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY

8

proposition that "he need not show that the evidence will lead to a successful Fourth Amendment motion; rather a defendant is entitled to discovery in order to determine whether a Fourth Amendment motion is viable." Docket No. 25 at 5. *Hernandez-Meza* does not support this broad assertion or his specific discovery demands.

In *Hernadez-Meza*, the defendant was facing a prosecution for being a deported alien found in the United States in violation of 8 U.S.C. § 1326, and falsely claiming to be a United States citizen in violation of 18 U.S.C. § 911. *Hernandez-Meza*, 720 F.3d at 762. Within this context, defendant requested the government produce his mother's naturalization certificate to support a derivative citizenship defense. *Id.* Thus, the sole issue of discovery in *Hernandez-Meza* turned on production of the defendant's mother's naturalization certificate. *Id.* Not surprisingly, the defendant in *Hernandez-Meza* had a strong claim of materiality under Rule 16 because his mother's naturalization certificate tended to prove his derivative citizenship claim – a defense to each of the charges. *Id.* at 768.

Applying *Hernandez-Meza* to this case reveals why the defendant's discovery demands fail to demonstrate any materiality under Rule 16. Defendant's sole charge in this case requires proof of only three elements: (1) defendant knowingly possessed a firearm, (2) the firearm moved in interstate or foreign commerce, and (3) at the time of the possession, defendant was a felon. 18 U.S.C. § 922(g)(1); Ninth Cir. Model Crim. Jury Instruction No. 8.65. Defendant cannot plausibly contend that defending the elements of this felon-in-possession charge requires "any and all documentation of . . . statements made to officers by the human sources discussed in the Hazelton Ave Search Warrant affidavit and the Sprint Warrant affidavit." Docket No. 25 at 5. These statements were made to police officers in connection with investigations into shootings and murders – evidence that the trial court in this case is not likely to find relevant or probative to defending a gun charge. The same is true of defendant's demands for "ballistics reports for the bullets, ammunition, and/or casings recovered at the scene" of a November 8, 2016 shooting in Oakland, "reports from the medical examiner regarding the homicides of the victims Alwyn Redd and Dymetrie Shaw," "statements made by PERSON 3 to Oakland police officers," "documentation of information learned by Oakland police officers during the investigation of the homicides of Alwyn Redd and Dymetrie Shaw that would tend to show that the homicides were perpetrated by any person other than Derrick Walker." Docket No. 25 at 5–6. None of these demands

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY

9

are relevant to the defendants' response to the government's case-in-chief in a prosecution for being a felon in possession of a firearm and defendant does not attempt to justify the discovery requests under the appropriate materiality standard. *Armstrong*, 517 U.S. at 462; *Chon*, 210 F.3d at 995. Accordingly, his motion should be denied.

### III.    CONCLUSION

The United States respectfully requests that defendant's motion for discovery be denied.


Dated:  May 14, 2019                                        McGREGOR W. SCOTT
                                                                          United States Attorney


                                                                          /s/ *Jason Hitt*
                                                                          JASON HITT
                                                                          Assistant United States Attorney

GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR DISCOVERY

10