UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DERRICK WALKER,<br><br>　　　　Defendant. | No. 2:17-cr-0201 TLN DB<br><br><br>ORDER |

Defendant's motion to compel came before this court for hearing on May 29, 2019 at 2:00 p.m. Assistant Federal Defender Mia Crager appeared for defendant. Assistant United States Attorney Jason Hitt appeared for the government. After reviewing the parties' briefs, and hearing the arguments of counsel, the court will deny the motion to compel.

**BACKGROUND**

Defendant was indicted on a charge of felon in possession of a firearm. The firearm was discovered by an Oakland Police Officer through a warrant issued in an investigation of four murders in Alameda County. Defendant brings a motion to compel the government to provide discovery so that defendant can determine whether or not to challenge the search warrant under Franks v. Delaware.

The relevant background is set out in the affidavit accompanying the warrant application at issue. In November 2016, the first victim, Alwyn Redd, was sitting in the driver's seat of a

1

parked car.  Surveillance video showed a green Volvo with tinted windows pull up next to the victim's car.  An arm reached out of the rear window and fired shots into the victim's car, killing Redd.  Three shootings followed over the next few days – described as retaliatory gang-related killings.  (Ex. A to Motion (ECF No. 25-1 at 4-5).)

An anonymous person called police and reported that Redd was killed in a gang dispute.  The caller said that "Derrick 'Poopie' Washington" was the driver of the car in that first shooting and that he was with other Ghost Town gang members, including Bernard Curry.  A police department gang expert "confirmed that 'Poopie' is actually Derrick Walker," the defendant in this case.  The caller also stated that after a rival gang retaliated by killing two teens, defendant, Curry, and another Ghost Town gang member killed the fourth victim, Dymetrie Shaw.  The caller provided police with defendant's phone number.  Police confirmed that the number was associated with defendant.  (Id. at 4.)

The affiant also "received information from [redacted name] that Derrick Walker is currently living in Stockton with his girlfried Margie Ann Grigsby."  Officers obtained a search warrant (the "Sprint warrant") to track defendant's phone.  It showed he returned nightly to an address on Hazelton Avenue in Stockton.  (Id. at 5.)

Interviews with an unnamed (redacted) source showed that a green Volvo with tinted windows belonged to another Ghost Town gang member, Marsean Hackett.  (Id..)

Other unnamed sources told police Walker was in hiding because he believed he was wanted for Ghost Town-related violence, that he is a Ghost Town gang member, and that he is a friend of Hackett, the Volvo's owner.  Another source reported defendant in the area when the fourth victim was killed.  (Id. at 6-8.)

## MOTION TO COMPEL

Defendant seeks a variety of documents from the prosecution that he contends could be related to a challenge to the validity of the warrant for the search of his residence at Hazelton Avenue (the "Hazelton Ave. warrant).  In addition, defendant moves to compel responses to two discovery requests to which the government previously agreed to provide responsive documents.  (See ECF No. 25 at 6.)  At the hearing, Mr. Hitt stated that the government will provide defense

2

counsel with the documents identified in defendant's motion in footnotes 5 and 6 as soon as the government has possession of them. Ms. Crager did not voice any concern over Mr. Hitt's statement. It appears, then, that the motion to compel those responses is moot.

Defendant seeks broad categories of documents in order to determine whether he will make a Franks motion. He seeks (1) documents regarding the statements made to officers by the human sources discussed in both the Hazelton Ave. and Sprint warrants; (2) documents regarding all statements made by an unidentified source to Oakland Police regarding Margie Ann Grigsby, her family members, or defendant; and (3) all documents regarding the Oakland Police Department's investigation of the murders of Redd and Shaw that would show someone besides defendant was the perpetrator. (ECF No. 25 at 5-7.)

I.   **Legal Standards**

Fed. R. Crim. P. 16 governs defendant's entitlement to discovery. Subsection (a)(1)(E) provides in relevant part:

> **Documents and Objects**. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i)   the item is material to preparing the defense;
>
> . . . .

The government argues that this standard applies only to preparation for a defense to the government's case-in-chief. Essentially, the government is arguing that defendant has no right to discovery to support a motion under Franks. In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court held that a criminal defendant has a right to challenge the veracity of statements made in support of a search warrant. To prevail under Franks, a defendant must establish: (1) that "the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant[,]" and, (2) "that the false or misleading statement or omission was material, i.e., necessary to finding probable cause." United States v. Perkins, 850 F.3d 1109, 1116 (9th Cir. 2017) (internal quotations marks and citation omitted). To obtain a

3

Franks evidentiary hearing, defendant must make a "substantial preliminary showing" of these two elements. United States v. Kleinman, 880 F.3d 1020, 1038 (9th Cir. 2017) (internal quotation marks and citation omitted), cert. denied, 139 S. Ct. 113 (2018).

The Ninth Circuit recently made clear that Rule 16 applies to discovery related to the constitutionality of a search or seizure. United States v. Soto-Zuniga, 837 F.3d 992, 1001 (9th Cir. 2016). The question, then, is whether the information defendant seeks is "material" under Rule 16(a)(1)(E). Defendant bears the burden of making "a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." United States v. Stever, 603 F.3d 747, 752 (9th Cir. 2010) (quoting United States v. Santiago, 46 F.3d 885, 893 (9th Cir. 1995)); see also United States v. Lucas, 841 F.3d 796, 804 (9th Cir. 2016) (to obtain discovery under Rule 16, a defendant must "make a prima facie showing of materiality"). "This 'low threshold' is satisfied if the information requested would have "helped" [the defendant] prepare a defense. Lucas, 841 F.3d at 804 (citing United States v. Hernandez–Meza, 720 F.3d 760, 768 (9th Cir. 2013)); see also Soto–Zuniga, 837 F.3d at 1003 (same). Information is material even if it simply causes a defendant to "completely abandon" a planned defense and "take an entirely different path." United States v. Doe, 705 F.3d 1134, 1151 (9th Cir. 2013).

Defendant focuses on the Ninth Circuit's broad description of discovery in Doe. The court in Doe considered that "[e]vidence is relevant if it has '*any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" Doe, 705 F.3d at 1151 (citing Stever, 603 F.3d at 753). However, the court in Doe also recognized that defendant bears the burden of showing the information sought is "material" because it would be "helpful to the defense." Id. at 1150 (citing Stever, 603 F.3d at 752).

While discovery is broad, "conclusory allegations of materiality" or "general description[s] of the information sought" are insufficient. Lucas, 841 F.3d at 804 (quoting United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990)). This appears to have been particularly true when defendant seeks discovery in order to prepare a Franks motion. See United States v.

4

Long, 774 F.3d 653, 656 (10th Cir. 2014) (where defendant "offered no evidence, only speculation, to suggest that the affiant officer had recklessly or intentionally asserted false information, a Franks hearing was not necessary; the denial of discovery was appropriate because defendant failed to show "such discovery could help in his defense"); United States v. Salazar-Rojas, No. CR13-49RSL, 2015 WL 687348, at *7 (W.D. Wash. Feb. 18, 2015) (defendant's argument "is simply too speculative that this discovery will allow him to make his required showing under Franks"); United States v. Osegera-Gonzalez, No. CR 08-126-MO, 2009 WL 995023, at *4 (D. Or. Apr. 10, 2009) (statements in discovery request that records "could contain information useful to their challenge to [an affiant's] affidavit" is insufficient); United States v. Dossman, No. CR S 05-270 DFL, 2006 WL 2927484 (E.D. Cal. Oct. 12, 2006) (a defendant "cannot just guess at what the evidence might show and contend that it may be material if his guess is correct"). Therefore, this court finds the broad discovery described in Doe does not apply here. The court in Doe was not addressing the issue of discovery sought to pursue a Franks motion.

**II.     Discussion**

Defendant initially argues that he need make no showing that the information he seeks could lead to a successful Franks motion. He relies heavily on the broad definition of discovery described in Doe. Defendant contends that simply because the discovery he seeks will enable him to determine whether or not to file a Franks motion, it is material.

Defendant's definition of materiality does not withstand even minimal scrutiny. Under defendant's theory, in every criminal prosecution in which the government obtained evidence by way of a warrant the defendant would be entitled to broad discovery of every allegation made in the affidavit supporting the warrant and of the crime itself. That is obviously not what the Supreme Court intended in Franks and does not jive with Rule 16's materiality requirement.

In Franks, the Court considered whether the Constitution requires that a criminal defendant be permitted to challenge the veracity of assertions made in a search warrant. The Court first considered that the Fourth Amendment's Warrant Clause assumes that probable cause for a warrant would be based on a truthful showing. 438 U.S. at 165. The Court recognized,

however, that competing values required limitations on veracity challenges. Those values included the scope of the exclusionary rule, the fact that a magistrate determining the sufficiency of a warrant had the ability to conduct a vigorous inquiry into the accuracy of the affidavit, the fact that the veracity of the affidavit may be based on statements beyond the control of the affiant, and, most importantly here, the fact that defendants could misuse a veracity challenge as a "convenient source of discovery." Id. at 166-67. In addition, the Court noted that there is a "presumption of validity with respect to the affidavit supporting the search warrant." Id. at 171.

After weighing these interests and rights, the Court in Franks concluded that veracity challenges would be appropriate only where the defendant established: (1) that "the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant[,]" and, (2) "that the false or misleading statement or omission was material, i.e., necessary to finding probable cause." See Perkins, 850 F.3d at 1116. The Court specifically noted that the requirement of a "substantial preliminary showing" would prevent the "misuse of a veracity hearing for purposes of discovery or obstruction." Franks, 438 U.S. at 170. In other words, the Court did not intend its expansion of the bases to challenge a search warrant to permit the defendant broad-based discovery of his criminal charges.

Thus, this court considers the materiality requirement of Rule 16 a significant one when discovery is sought to support a potential Franks motion. In order to be provided this discovery, defendant must show more than a mere speculation that the discovery he seeks could provide information to support a Franks motion. That conclusion is supported by several cases.

In Soto-Zuniga, the Ninth Circuit considered a defendant's motion to suppress the discovery of drugs found at an immigration check point. One of the defendant's arguments in that motion was that immigration check points are unconstitutional because their purpose is seeking drugs, not illegal immigrants. The defendant sought discovery of check point statistics to support this argument. In essence, as noted by another court, the Ninth Circuit found the information sought material to the issue of whether the checkpoint was constitutional, one of the subjects of the defendant's pending motion, for which he had other support. See United States v.

////

6

Blouin, No. CR16-307 TSZ, 2017 WL 2573993, at *3 n.3 (W.D. Wash. June 14, 2017). That is not the case here. Defendant provides no basis for a Franks motion at this point.

In United States v. Lam, No. C-06-0644 CRB (EDL), 2008 WL 191420, at *2-3 (N.D. Cal. Jan. 22, 2008), the court recognized the difficulty of showing materiality for information that a defendant does not have. However, the court also recognized that the Supreme Court in Franks was concerned about the misuse of discovery in challenging a warrant. The court held that the defendant's statement that the discovery sought is "helpful to the defense in the context of a motion to suppress" was too speculative to amount to a showing of materiality.

Defendant finds the most support in one case from the district court in Alaska. In United States v. Taylor, No. 3:13-cr-0079-RRB-DMS, 2014 WL 12784775, at *6 (D. Alaska Oct. 31, 2014), the court considered a wiretap warrant. The affiant supporting the warrant application recounted information from an informant who was identified as dealing drugs at the time. The defendant sought the details of the informant's drug offenses for purposes of impeaching him at a Franks hearing. At the time, the defendant had not filed a motion for a Franks hearing. While court said that the argument that this information would have changed the probable cause determination for the warrant was "thin," it held the defendant entitled to "the preliminary Court review mandated in" United States v. Reeves, 210 F.3d 1041 (9th Cir. 2000).

Contrary to the implication of this statement that the Ninth Circuit in Reeves set a low bar for a materiality finding for discovery, the court there focused on the necessity of using an ex parte, in camera hearing to determine whether to have an open Franks hearing regarding a confidential informant. 210 F.3d at 1044. There were no discovery issues raised in Reeves. Moreover, the Third Circuit has specifically held that a court need not hold an in camera hearing regarding potential discovery unless the defendant first makes an offer of proof that the affiant was untruthful. See United States v. Marranca, 98 F. App'x 179, 182 (3rd Cir. 2004).

This court is not, of course, bound by the decision in Taylor and does not find it persuasive authority for permitting broad discovery to challenge a warrant. The Taylor court spent little time considering Rule 16's materiality requirement. The court relied on one case, United States v. Chimera, 201 F.R.D. 72, 75 (W.D. N. Y. 2001), for the proposition that courts

have held "defendants are entitled to Rule 16 disclosure of wiretap materials for purpose of seeking suppression of evidence based on a violations of the wiretap statute." 2014 WL 12784775, at *5. Unlike the court in Taylor, however, the court in Chimera extensively considered the materiality requirement for discovery and determined that the defendants in that case failed to meet it. 201 F.R.D. at 76-79.

In an alternative, very brief, argument, defendant does attempt to make a showing that he may have a successful Franks motion which would be supported by the discovery sought. Defendant raises three points. First, defendant argues in a footnote that there are discrepancies between the description of an anonymous caller's information in the two affidavits. (See Reply (ECF No. 35 at 4-5 n. 1.) The discrepancies are not as important as defendant makes out.

In the affidavit supporting the Sprint warrant, the affiant, Officer Barocio, states that the office received two anonymous calls regarding the first murder, of victim Redd. The first call was received by Officer Turner on the day of the shooting, November 25, 2016. The caller stated that the shooting was related to the Ghost Town gang, identified defendant by his correct name, and decribed him as the driver and another gang member, Curry, as the shooter. Sergeant Sanchez received a second call on November 28, in which the caller identified defendant and six others as "responsible for the killing." That called provided cell phone numbers for some of these people, including defendant. (See Ex. E to Motion (ECF No. 25-1 at 30).)

As described above, in the warrant at issue, the Hazelton Ave. warrant, the affiant, Officer Turner, described only one anonymous call, on November 28, 2016. According to his affidavit, the caller told police that the Redd killing was related to the Ghost Town Gang, identified defendant as "Derrick 'Poopie' Washington," the driver, and stated that other Ghost Town members, including Curry, were involved. That called provided defendant's phone number. (See Ex. A to Motion (ECF No. 25-1 at 5).)

Defendant argues that the affidavits differ because the November 28 phone call is described differently in each. However, it appears that Officer Turner melded the two anonymous phone calls in his affidavit. Both affidavits describe anonymous phone calls identifying defendant as the driver in the Redd killing, describing the killing as gang-related,

identifying Curry as a participant, and providing defendant's phone number.  Defendant makes no attempt to show that these differences between the two affidavits are relevant to the probable cause for the Hazelton Ave. warrant.  Nor does he attempt to show any relevance to the first prong of the Franks test – that Officer Turner recklessly or intentionally made false or misleading statements in the Hazelton Ave. affidavit.

In his second point, defendant states that some of the people interviewed were biased against him.  However, he makes no showing that the government should have known that or that it was material to the probable cause finding for the warrant.  Finally, at oral argument, Ms. Crager raised a third point.  She stated that the witness who identified the green Volvo as belonging to a Ghost Town gang member also reported that she did not know defendant.  However, the affidavit in support of the Hazelton Ave. warrant does not state that this witness said anything about defendant.  Rather, in the affidavit, the witness told officers only that the owner of the Volvo was Hackett.  (See ECF No. 25-1 at 7.)  Accordingly, the fact that the witness did not know defendant would have been irrelevant to the probable cause determination.

For the reasons set forth above, this court finds defendant has failed to establish the discovery sought is material under Rule 16(a)(1)(E).  Therefore, IT IS HEREBY ORDERED that defendant's motion to compel (ECF No. 25) is denied.

Dated:  June 3, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/orders.criminal/walk0201.crim mtc